**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARK FRALEY,**

                **Petitioner,**

        **v.**                                **CASE NO. 18-3273-SAC**

**STATE OF KANSAS,**

                **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing § 2254 Cases and, for the reasons that follow, directs petitioner to show cause why this matter should not be dismissed as time-barred.

### Background

Petitioner was convicted in the District Court of Sedgwick County of aggravated burglary and rape and sentenced to 272 months in prison. The conviction was affirmed on appeal. *State v. Fraley*, 2004 WL 1443894 (Kan. App. Jun. 25, 2004)(unpublished order), *rev. denied*, 278 Kan. 849 (Sep. 14, 2004).

On September 13, 2005[1], petitioner filed a post-conviction challenge to his conviction under K.S.A. 60-1507 alleging ineffective assistance of counsel, prosecutorial misconduct, and other errors. The state district court summarily denied relief, but the Kansas Court of Appeals reversed that decision and remanded it. *Fraley v. State*,

---

[1] The Court identified the filing date through on-line records maintained by the Kansas Office of Judicial Administration.
www.kansas.gov/countyCourts/search/records.

189 P.3d 580 (Table), 2008 WL 3367566 (Kan. App. Aug. 8, 2008). The district court appointed counsel, heard argument, and again denied relief. The Kansas Court of Appeals affirmed. *Fraley v. State*, 258 P.3d 387 (Table), 2011 WL 2795474 (Kan. App. Aug. 26, 2011), *rev. denied*, Feb. 2, 2012.

While that matter was pending, petitioner filed a pro se motion in his criminal case seeking funds for an investigator. The district court denied that request, and the Kansas Court of Appeals affirmed. *State v. Fraley*, 2012 WL 2326006 (Kan. App. Jun. 15, 2012)(unpublished opinion), *rev. denied*, 296 Kan. 1132 (Mar. 26, 2013).

In May 2014, petitioner filed a motion to correct an illegal sentence under K.S.A. 22-3504, and in July 2014, he filed a motion to arrest the judgement of conviction. The district court denied relief in separate rulings; the Kansas Court of Appeals consolidated petitioner's appeals and affirmed. *State v. Fraley*, 372 P.3d 446 (Table), 2016 WL 3219099 (Kan. App. Jun. 10, 2016), *rev. denied*, Oct. 26, 2017.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

>     by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period for habeas corpus generally runs from the time the judgment becomes final at the end of direct review. Under Supreme Court law, this review concludes when the direct appeal ends in the state courts and the opportunity to seek review in the United States Supreme Court ends, or, if review is granted, at the close of that review. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal in the state courts to seek certiorari in the United States Supreme Court. U.S. S. Ct. Rule 13.1.

> The statute also contains a tolling provision:
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his

claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

In this case, the limitation period began to run in mid-December 2004, ninety days after the Kansas Supreme Court denied review in petitioner's direct appeal on September 14, 2004. The limitation period was tolled approximately nine months later when petitioner

filed a petition for post-conviction relief on September 13, 2005. At that point, approximately three months remained on the one-year limitation period.

The limitation period remained tolled until the Kansas Supreme Court denied review in petitioner's appeal from the denial of his request for funds for an investigator on March 26, 2013. The limitation period began to run on the following day and expired three months later, in late June 2013.

Accordingly, the present petition was not filed within the one-year limitation period and is subject to dismissal unless petitioner can establish grounds for equitable tolling.

Petitioner appears to rely on K.S.A. 60-515, which provides that a prisoner is presumed to be under a legal disability so that the limitation period is tolled until the disability is removed. K.S.A. 60-515(a). However, the statute also states that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." *Id*. Accordingly, to seek equitable tolling under this provision, a prisoner must show that he has been denied access to the courts. Petitioner has not argued that he could not access to the courts, and it appears that he has pursued a number of actions in the state courts while incarcerated.

### Motion to appoint counsel

Petitioner moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter.

*Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

Because this matter appears to be time-barred and subject to dismissal on that ground, the Court declines to appoint counsel in this matter.

### Order to show cause

The Court directs petitioner to show cause why the petition should not be dismissed due to his failure to file the petition within the one-year limitation period. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **May 16, 2019,** to show cause why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED: This 16th day of April, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge